IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[15] FELIPE FRANCISCO DE LA PLAZA<br>Defendant. | CRIM. NO. 14-CR- 726 (ADC) |

PLEA AND FORFEITURE AGREEMENT
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

TO THE HONORABLE COURT:



COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, Jose A. Ruiz, Assistant United States Attorney, Chief Criminal Division, **MYRIAM Y. FERNANDEZ-GONZALEZ** Assistant United States Attorney, Deputy Chief of the Narcotics Unit, and Carlos R. Cardona, Assistant United States Attorney for said District, and FELIPE FRANCISCO DE LA PLAZA, Defendant, by and through defendant's counsel, Rafael F. Castro-Lang, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. COUNT(S) TO WHICH DEFENDANT PLEADS GUILTY

The defendant agrees to plead guilty to Count **THREE** of the Indictment, charging the defendant with knowingly combine, conspire, and agree with diverse other persons to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 to wit: (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified



unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and (b) to knowingly transmit or transfer and attempt to transmit or transfer a monetary instruments or funds from a place inside the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances. All in violation of Title 18, United States Code, Sections 1956 (h) and 1956 (a)(1)(B)(i) and 1956 (a)(2)(A).

The defendant further agrees to plead true to the forfeiture allegations.

2. **STATUTORY PENALTIES**

The defendant understands that the penalty for the above mentioned count is a term of imprisonment of not more than twenty (20); and a term of supervised release of not more than three (3) years. The Court may also impose a fine not more than $500,000.00 or twice the value of the property involved in the transaction, whichever is greater. The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

3. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant

cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7.  **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8.  **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**



The parties do not stipulate any assessment as to the defendant's Criminal History Category.

9.  **STIPULATION AS TO THE AMOUNT OF LAUDERED FUNDS**

The United States of America and Defendant, FELIPE FRANCISCO DE LA PLAZA, stipulate for purposes of this plea agreement that this defendant shall be accountable for the laundering of monetary instruments in an amount that is more than $30,000.00 but less than $70,000.00

## 10. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree as to the following Sentencing Guidelines calculations for count **THREE**:

**MONEY LAUNDERING GUIDELINES**

| GUIDELINE SECTION | POINTS |
|---|---|
| **Base Offense Level**<br>Under § 2S1.1 (a)(2) the base offense level is 8, plus the offense levels from the table in § 2B1.1 corresponding to the value of laundered funds.<br>According to § 2B1.1 when the value of the laundered funds is more than $30,000.00 but less than $70,000.00, increase by 6 levels | 14 |
| **Belief that laundered funds were drug related**<br>Under § 2S1.1 (b)(1) if subsection (a)(2) applies, and the defendant knew or believed that the laundered funds were the proceeds, or were intended to promote (i) an offense involving the manufacture, importation o distribution of a controlled substance or a listed chemical increase by 6 levels | 6 |
| **Convicted under 18 USC § 1956**<br>Under § 2S1.1 (b)(2)(B) if the defendant is convicted under 18 USC § 1956 increase by 2 levels | 2 |
| **Acceptance of Responsibility** §3E1.1 (a)(b) | -3 |
| **ADJUSTED OFFENSE LEVEL** | 19 |
| **POTENTIAL GUIDELINE RANGE** | 30-37 if CHC I<br>33-41 if CHC II<br>37-46 if CHC III<br>46-57 if CHC IV<br>57-71 if CHC V<br>63-78 CHC VI |



## 11. SENTENCE RECOMMENDATION

The parties agree and recommend that the defendant be sentenced within the guideline range determined by the Court for the adjusted offense level of **19**. The parties will be free to argue any sentence within the above mentioned guideline range.

## 12. WAIVER OF APPEAL

The defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

## 13. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and the defendant agree that **no further adjustments or departures** to the defendant's total adjusted base offense level **and no variance sentence** under 18 USC § 3553 **shall be sought by the parties**. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

## 14. DISMISSAL OF REMAINING COUNTS

The remaining counts of the indictment will be dismissed at the time of sentencing.



## 15. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Rafael F. Castro-Lang, Esquire, and indicates that counsel has rendered effective legal assistance.

## 16. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

17. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts

therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**18. LIMITATIONS OF PLEA AGREEMENT**

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

**19. ENTIRETY OF PLEA AGREEMENT**



This written agreement and the supplement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

**20. AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**21. VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

## 22. POTENTIAL IMPACT ON IMMIGRATION STATUS

The Defendant hereby agrees and recognizes that, if the Defendant is not a United States Citizen, his plea of guilty in this case may have an impact in his immigration status. Among others, the Defendant is subject to removal from the United States; the defendant may be barred, temporarily or permanently, from reentering the United States; a criminal conviction may affect the Defendant's ability to apply for United States citizenship, and other benefits. Further, the Defendant agrees and recognizes that any term of supervised release imposed by the Court may be suspended, as long as he remains outside the United States. However, should Defendant, at any time, reenter the United States he must immediately report to a U. S. Probation Office and otherwise comply with any conditions of supervised release that may be imposed herein.

## 22. FORFEITURE AGREEMENT

The defendant agrees to the following forfeiture:



(a) Defendant hereby forfeits all his right, title and interest in any assets which constitutes proceeds of the criminal offense committed or facilitated his criminal activity in violation of Title 18, United States Code, Section 1956;

(b) As part of the defendant's plea agreement with the United States, defendant agrees not to contest the forfeiture to the government of any of the assets described in paragraph (a) above;

(c) In the event that any claim is made by third parties to any of the assets mentioned in paragraph (a) above, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties;

(d) Defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of assets named or covered by paragraph (a)

above including, but not limited to, assisting in bringing any assets or the proceeds from the sale of assets located outside the United States within the jurisdiction of the United States, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture;

(e) The defendant hereby waives the requirements of Fed.R.Crim.P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
JOSE A. RUIZ-SANTIAGO
Assistant United States Attorney
Chief, Criminal Division
Dated: 8/17/15

_____
MYRIAM Y. FERNANDEZ-GONZALEZ
Assistant United States Attorney
Deputy Chief, Narcotics Unit
Dated: 8-17-2015

_____
CARLOS R. CARDONA
Assistant United States Attorney
Dated: 08/17/2015

_____
FELIPE FRANCISCO DE LA PLAZA
Defendant
Dated: 8/26/15

_____
Rafael F. Castro-Lang, Esq.
Counsel for Defendant
Dated: 8/26/15

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it

_____  
Date

_____  
**FELIPE FRANCISCO DE LA PLAZA**  
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

_____  
Date

_____  
**Rafael F. Castro-Lang, Esq.**  
Counsel for the Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 18, United States Code, Section 1956; If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

From in or about November 2010, and continuing through in or about September 2012, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, **FELIPE FRANCISCO DE LA PLAZA** did knowingly conspire, and agree with diverse other persons to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity;

During the span of the conspiracy **FELIPE FRANCISCO DE LA PLAZA** and others participated in a number of activities in order to carry out the objects of the conspiracy to include the followings: co-conspirators operating in Puerto Rico would reap profits from the sale of controlled substances smuggled into Puerto Rico; co-conspirators operating in Colombia and other places would instruct individuals to travel to Puerto Rico receive US currency in Puerto

Rico that represented payment and/or profits from the sale of controlled substances smuggled into Puerto Rico; co-conspirators would travel to Puerto Rico to receive the US currency and then transfer the US currency to other individuals or conduct a financial transaction as instructed by the co-conspirators operating in Colombia and other places in order to conceal and disguise the nature, location, source, ownership, and control of the drug trafficking proceeds; co-conspirators operating in Colombia and other places would instruct individuals in Puerto Rico to send US currency representing payment and/or proceeds from the sale of controlled substances smuggled into Puerto Rico to Colombia, Peru, Panama, China, and other places through human couriers or wire transfers;

In early April 2012, **FELIPE FRANCISCO DE LA PLAZA** traveled to Puerto Rico from Florida, USA to receive an amount of US currency that represented payment and/or profits from the sale of controlled substances smuggled into Puerto Rico.



On or about April 7, 2012, **FELIPE FRANCISCO DE LA PLAZA** met with two other individuals at the area of El Condado in San Juan, Puerto Rico to discuss the delivery of US currency to **FELIPE FRANCISCO DE LA PLAZA** for further delivery to other individuals.

On or about April 15, 2012, a person delivered $50,000.00 USD representing proceeds from drug trafficking activities to **FELIPE FRANCISCO DE LA PLAZA** near Walgreen at El Condado in San Juan, Puerto Rico.

On or about April 17, 2012, a person delivered $20,000.00 USD representing proceeds from drug trafficking activities to **FELIPE FRANCISCO DE LA PLAZA** in the area of El Condado in San Juan, Puerto Rico.

On or about April 19, 2012, **FELIPE FRANCISCO DE LA PLAZA** kept a fee of $10,000.00 USD from the $70,000.00 USD that he received between April 15-17, 2015, and delivered the remaining $60,000.00 USD to another person in the area of El Condado in San Juan, Puerto Rico. That person was to conduct a financial transaction in order to conceal and disguise the nature, location, source, ownership, and control of US currency which represented proceeds from drug trafficking activities.

The evidence the United States would have used in trial, in the form of physical and documentary evidence includes photographs, recordings, and assorted documents and has been provided to the defense in accordance with the Federal Rules of Evidence and this Court's order. The defendant agrees and recognizes that the United States has provided full discovery in this case. Had this case gone to trial, the government would have also presented the testimony of witnesses including law enforcement officers, among others.

The defendant **FELIPE FRANCISCO DE LA PLAZA** further agrees that he did knowingly combine, conspire, and agree with diverse other persons, known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conspire, and agree with diverse other persons to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial

transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

_____
FELIPE FRANCISCO DE LA PLAZA
Defendant

Dated: 8/16/15

_____
CARLOS R. CARDONA
Assistant United States Attorney

Dated: 08/17/2015

_____
Rafael F. Castro-Lang, Esq.
Counsel for Defendant

Dated: 8/16/15